UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA DWAYNE LAWSON, #214016,

        Petitioner,

v.                                                    CASE NO. 4:22-CV-11182
                                                    HONORABLE SHALINA D. KUMAR

GEORGE STEPHENSON,

        Respondent.
_____/

### ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

        Michigan prisoner Joshua Dwayne Lawson ("Petitioner"), currently confined at the Macomb Correctional Facility in Lenox Township, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted of first-degree murder (both premeditated and felony murder) and possession of a firearm during the commission of a felony following a jury trial in the Kalamazoo County Circuit Court. The trial court vacated the felony murder conviction and sentenced him to life imprisonment without the possibility of parole on the premeditated murder conviction and a consecutive term of two years imprisonment on the felony firearm conviction in 1991. In his current petition, he raises a double jeopardy-type claim arising from an amended Judgment of Sentence that was issued by the trial court in 2020 to correct a charging code clerical error and accurately reflect that he was convicted and sentenced for premeditated murder, not felony murder.

        Petitioner, however, previously filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging the same convictions and sentences at issue in this case, which the Court denied on the merits. *Lawson v. Elo*, No. 2:98-CV-73381 (E.D. Mich. Sept. 24, 1999) (Cohn, J.). The Court also

denied his motion for a certificate of appealability (Nov. 15, 1999), as did the United States Court of Appeals for the Sixth Circuit. *Lawson v. Elo*, No. 99-2241 (6th Cir. March 13, 2000). The United States Supreme Court denied a writ of certiorari. *Lawson v. Elo*, 531 U.S. 1158 (Feb. 20, 2001). Petitioner also filed several post-judgment motions, which were denied. *See Lawson v. Elo*, No. 2-98-CV-73381 (E.D. Mich. June 19, 2013) (discussing history and denying latest motion). The Sixth Circuit previously denied Petitioner authorization to file a second or successive federal habeas petition. *Lawson v. Romanowski* No. 13-1949 (6th Cir. Feb. 18, 2014).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Petitioner has not obtained appellate authorization to file a second or successive federal habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). Consequently, the Court concludes that it must transfer this case to the Sixth Circuit.[1]

Accordingly,

---

[1] The Court notes that the instant habeas petition was filed after the Kalamazoo County Circuit Court, upon Petitioner's motion, issued an order correcting a charging code clerical error on his Judgment of Sentence and a Register of Actions entry to reflect that he was convicted and sentenced for premeditated murder, not felony murder. *See* ECF No. 1, PageID.53-54. Claims challenging amended judgments correcting clerical sentencing errors are successive because such entries do not change or otherwise constitute a new judgment with respect to a prior habeas petition. *See, e.g., Mitchell v. Warden*, No. 2:17-CV-419, 2018 WL 3546183, *2 (S.D. Ohio July 24, 2018) (discussing cases). Additionally, any claim involving a discrepancy or error on the original Judgment of Sentence was apparent when Petitioner filed his first habeas petition and could have been brought at that time.

The Court **ORDERS** the Clerk of the Court to transfer this case to the Sixth Circuit pursuant to 28 U.S.C. § 1631[2] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

s/ David R. Grand
DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

Dated: July 6, 2022

---

[2] 28 U.S.C. § 1631 provides in pertinent part that:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

3